**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darren K Proulx,<br><br>        Plaintiff,<br><br>v.<br><br>NRIP LLC,<br><br>        Defendant. | No. CV-21-01211-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Transfer Venue (Doc. 14). *Pro se* Plaintiff filed a Response in opposition (Doc. 19), and Defendant filed a Reply (Doc. 20).

**I.  Background**

Plaintiff's Complaint brings a claim for reverse domain name hijacking and seeks a declaratory judgment that Plaintiff's registration and use of the domain name are not unlawful under 15 U.S.C § 1114(2)(D)(v). (Doc. 1 at 4). Prior to initiation of this lawsuit, on May 24, 2021, Defendant initiated a domain name dispute against Plaintiff under the Uniform Domain Name Dispute Resolution Policy ("UDRP")[1], arguing that the domain name in dispute infringed on one of Defendant's registered marks. (Doc. 14 at 4–5). Defendant subsequently obtained a favorable decision from the dispute resolution panel, who ordered the domain name be transferred from Plaintiff to Defendant. (*Id*. at 5).

---

[1] The UDRP governs all registrars. The owner of a trademark or service mark may file an administrative Complaint before the National Arbitration Forum under the UDRP if the registrant has registered or acquired a domain name in bath faith.

Plaintiff, a Nevada resident, then filed this action *pro se* in the District of Arizona. Plaintiff selected this district based on language contained in the complaint that Defendant filed in the UDRP proceeding, which in part states that Defendant will submit to jurisdiction where the domain name registrar, here, non-party Godaddy.com, Inc. ("GoDaddy"), is located. (Doc. 1 at 1). Defendant now seeks to transfer this matter to the District of Nevada under 28 U.S.C. § 1404(a). (Doc. 14).

## II. Legal Standard

Courts generally presume the plaintiff's choice of venue is convenient. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256–57 (1981) ("When the home forum has been chosen, it is reasonable to assume that this choice is convenient."); *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1227 (9th Cir. 2011) ("When a domestic plaintiff initiates litigation in its home forum, it is presumptively convenient."). However, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

Motions to transfer under § 1404(a) are considered on a case-by-case basis, and the ultimate decision rests in the district court's discretion. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in deciding whether transfer is appropriate in a particular case. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988). Such factors include:

> (1) plaintiff's choice of forum; (2) convenience of the forum; (3) convenience of witnesses and the ability to compel attendance of unwilling non-party witnesses; (4) ease of access to evidence; (5) any local interest in the controversy; and (6) differences in costs of litigation in the two forums.

*See e.g.*, *id.*; *see also Jones*, 211 F.3d at 498 (when considering a motion to transfer under § 1404(a), courts in this Circuit weigh "the parties['] contacts with the chosen forum, the ease of access to sources of proof and witnesses, and the difference in the cost of litigation between the two districts."). No one factor is dispositive, instead the court "should look to

any or all of the . . . factors which are relevant to the case before it, giving appropriate weight to each" and arrive "at a balanced conclusion." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1146 (2001), *citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

When parties to a dispute have contractually agreed to a forum, the forum is only mandatory when it contains language "that clearly designates a forum as the exclusive one." *Northern California Dist. Council of Laborers v. Pittsburg-Des Moines Steel, Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995). This is to say that if parties merely consent to the jurisdiction of a particular court, the forum selection clause is permissive. *See Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75 (9th Cir. 1987). If the clause provides that a particular court has exclusive jurisdiction, the clause is mandatory. *Id.*

**III.   Analysis**

The question before the Court is whether it is more convenient and in the interest of justice to transfer this matter to the District of Nevada.

Defendant claims all events giving rise to this dispute occurred in Nevada and the parties compete for business in Nevada. (Doc. 14 at 2). Defendant claims all relevant sources of proof (including party and non-party witnesses) are in Nevada. (*Id.*) Defendant argues the only connection this case has with Arizona is that the non-party GoDaddy, the registrar for the domain name at issue, <nevadarealty.com> ("Disputed Domain Name"), maintains its principal office in Arizona. (*Id.*) Defendant also claims Nevada is a permissible venue under the UDRP for the convenience of parties and non-party witnesses. (*Id.*) Finally, Defendant argues that, should the case remain in Arizona, the cost of litigating the matter will increase significantly, since the parties, witnesses and evidence are all in Nevada. Specifically, Defendant contends litigating in Arizona will increase the costs for travel, as well as the cost of compelling witnesses to appear out of state, which will, in turn, increase the cost of trial. (*Id.* at 8).

Plaintiff argues in response that Defendant consented to jurisdiction "in the location of the principal office of the concerned registrar." (Doc. 19 at 4). GoDaddy's principal office is in Scottsdale, Arizona. (*Id.*) Plaintiff further argues there is no need for the Court

to consider the factors under 28 U.S.C. § 1404(a) when the Defendant has agreed to litigate the dispute in Arizona. (*Id.* at 9). He also disputes Defendant's contention that the events giving rise to this dispute all occurred in Nevada and argues that website domain names are chattels that exist in the location where the domain name registrar is located, not where the domain name owner happens to reside. (*Id.* at 11). Therefore, Plaintiff contends, even though he and Defendant reside in Nevada, this case is more comparable to a situation where two Nevada residents are disputing ownership of property in Arizona. (*Id.*)

The Court will grant the Defendant's request to transfer to the District of Nevada. At the outset, the Court notes "[t]he deference accorded to a plaintiff's chosen forum should be balanced against both the extent of a defendant's contacts with the chosen forum and a plaintiff's contacts, including those relating to a plaintiff's cause of action." *See Nat. Wellness Centers of Am., Inc. v. J.R. Andorin Inc.*, No. 11-04642 EDL, 2012 WL 216578, at *10–11 (N.D. Cal. Jan. 24, 2012) (citing *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968)) ("If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, [a] plaintiff's choice is only entitled to minimal consideration."). Here, Plaintiff has no connection to the forum apart from the registrar's location. Neither Plaintiff nor Defendant have contacts with the chosen forum and both parties reside and conduct business in Pahrump, Nevada. (Doc. 20 at 2).

The main issue argued in both Defendant's Motion and Plaintiff's Response concerns the language contained in the complaint Defendant filed in his administrative proceedings against Plaintiff under the UDRP. The complaint states, under a section titled "Mutual Jurisdiction," "[t]he Complainant will submit, with respect to any challenges to a decision in the administrative proceeding canceling or transferring of the Disputed Domain Name, to the location of the principal office of the concerned registrar. UDRP Rule 3(b)(xiii)." (Doc. 19 at 4). The UDRP Rules define Mutual Jurisdiction as:

Mutual Jurisdiction means a court jurisdiction at the location of either:
(a) the principal office of the Registrar (provided the domain-name holder

has submitted in its Registration Agreement to that jurisdiction for court adjudication of disputes concerning or arising from the use of the domain name) or

(b) the domain-name holder's address as shown for the registration of the domain name in Registrar's Whois database at the time the complaint is submitted to the Provider.[2]

Here, the UDRP complaint lists Scottsdale, Arizona as the address for the registrar, GoDaddy. (*Id.* at 5). Plaintiff argues that, under the UDRP Rules, when Defendant commenced the administrative proceeding against Plaintiff's domain name, Defendant expressly agreed, in writing, to submit to jurisdiction in Arizona because that is the location where the domain registrar, GoDaddy, is located. (Doc. 19 at 5). Defendant, on the other hand, argues the UDRP Rules define mutual jurisdiction as either the location of the domain name registrar or Plaintiff and do not bind the parties simply because an administrative proceeding is initiated in one jurisdiction and not the other. (Doc. 20 at 4).

The Ninth Circuit addressed this exact issue in *McNeil v. Stanley Works*, 33 F. App'x 322, 324 (9th Cir. 2002), and held the defendant's jurisdictional statement made in a UDRP complaint was permissive, not mandatory. *See McNeil v. Stanley Works*, 33 F. App'x 322, 324 (9th Cir. 2002). The language at issue in *McNeil* is identical to the language at issue in Defendant's complaint in that both complaints contain the phrase "will submit" in reference to an acceptable jurisdiction from which the parties could challenge an administrative decision. *Id.* at 324. The *McNeil* Court explained that the defendant's "consent to jurisdiction is permissive, rather than mandatory, because it does not specify that the courts of San Francisco, California will have exclusive jurisdiction." *See N. Cal. Dist. Council of Laborers v. Pittsburg–Des Moines Steel Co.*, 69 F.3d 1034, 1036–37 (9th Cir.1995) ("To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one."). As in *McNeil*, the UDRP complaint here does not identify an *exclusive* jurisdiction from which a party may challenge an administrative decision. The

---

[2] *See* UDRP Rules' definition of "mutual jurisdiction" available at https://www.icann.org/resources/pages/udrp-rules-2015-03-11-en.

- 5 -

Court therefore rejects Plaintiff's assertion that Defendant's commencement of the administrative proceeding "preclude[d] transfer of this action to Nevada" under the UDRP Rules. (Doc. 19 at 5).

Moreover, other factors strongly suggest transfer would better serve the interests of justice. Both Plaintiff and Defendant reside in Nevada. (Doc 20. at 6). Plaintiff does not assert that he has any connection to this forum, nor does he present any argument that the facts, witnesses, or evidence have any relationship to Arizona. (*Id.*) Indeed, the only relationship this dispute has to Arizona is that the domain name registrar, GoDaddy, is located here. (*Id.*) But that one connection has little relevance to the facts at issue in this case. The parties do not dispute that Plaintiff registered the Disputed Domain Name or that the UDRP arbitrator ordered the domain name to be transferred to Defendant. (*Id.* at 7). The only issue concerns whether Plaintiff's registration and use of the Disputed Domain Name is lawful. (*Id.*) To that end, all the facts and circumstances regarding Plaintiff's registration and use of the domain name occurred within Nevada. (*Id.*) Similarly, all non-party fact witnesses and evidence are in Nevada. (*Id.*)

Finally, Plaintiff asserts this case resembles two Nevada residents fighting over personal property in Arizona. But the dispute here is about whether Plaintiff's registration and use of the disputed domain name is lawful under the Anticybersquatting Consumer Protection Act and the Lanham Act. (*Id.*) The facts and legal issues are akin to a trademark dispute, not an *in rem* proceeding over personal property. (*Id.*) Moreover, Nevada has a significant interest in hearing and deciding disputes involving its residents, especially those residents that have active, longstanding businesses in the state. (Doc. 14 at 8). Since both parties reside and conduct business in the same town, Pahrump, Nevada, the Court finds no reason to increase the cost of litigation of this matter when a permissible and adequate forum is available where both Plaintiff and Defendant reside. (Doc. 20 at 3).

Since neither the state of Arizona nor the courts of Arizona have any overriding interest in resolving this dispute here, the Court finds transfer of this matter to the District of Nevada is appropriate because it would be a more convenient and cost-effective venue

for both parties and serves the interest of justice.  *See* 28 U.S.C. § 1404(a).

## IV. Conclusion

The Court finds it is in the interest of justice to transfer this matter.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Transfer Venue to the United States District Court for the District of Nevada (Doc. 14) is **granted**.

Dated this 20th day of October, 2021.

Honorable Diane J. Humetewa
United States District Judge